By the Court :
From the evidence in this case, it is manifest that at the timo *465 of the contract for the sale of the land in question, the vendor knew that the purchaser was in some degree embarrassed. It is also fully proved that the land was not worth half the price that Hough agreed to pay for it. The circumstances of the case are altogether extraordinary. Hough is hard pressed for the sum of two thousand five hundred dollars. He applies to Hunt for a loan of that sum. He obtains it, and an engagement that the lender will loan him seven thousand five hundred dollars more upon good security. But at the same time the twenty-five hundred is borrowed, and a contract made for a further loan, a contract of sale is made for a tract of land at eleven thousand nine hundred and seventy-five dollars, being more than double its real value. Two thousand three hundred and twenty-five dollars of which, with the money actually loaned, is secured upon other property than that sold.
The mind revolts at the idea that a man so embarrassed would, to obtain the "loan of two thousand six hundred dollars, voluntarily embarrass himself further, by creating a new debt of eleven thousand nine hundred and seventy-five dollars for property not worth half that sum. It is impossible that the vendor, who also made the loan, was not sensible that he was 'taking advantage of the purchaser’s necessity. The imprudence .of the proceeding, on the part of Hough, was so gross that it could justly be attributed to no other cause.
It is not in proof that Hunt knew the extent of Hough’s embarrassments. But he knew that he was in necessity to *some extent; of that necessity he must have been sensible he took advantage, in exacting the contract for the sale of land. The wish to obtain further loans and the agreement to make them, with the subsequent escape from performing that agreement, are strong circumstances in confirmance of the fact that Hunt knew Hough’s situation and acted upon it.
One peculiar hardship of the case is that, upon account of this unconscionable contract, Hunt has fastened a part of the purchase money upon Hough’s other lands, sweeping from previous creditors that which their means had supplied, and retaining to himself the whole consideration which his contract was supposed to advance.
The rule in chancery is well established. When a person is incumbered with debts, and that fact is known to a person with *466 whom he contracts, who avails himself of it to exact an unconscionable bargain, equity will relieve upon account of the advantage and hardship. Where the inadequacy of price is so great that the mind revolts at it, the court will lay hold on the slightest circumstances of oppression or advantage to rescind the contract. So, when a person borrowing money to relieve his necessities is induced to purchase property at an exorbitant price, and to an amount greatly beyond the loan obtained, and secure the payment by mortgage on his other lands, the necessity of the purchaser, connected with the exorbitancy of price, are sufficient evidence of unfair advantages to justify the interference of the court. We consider this a case of great exorbitancy of price, where the purchaser was deeply embarrassed, and where the' vendor availed himself of that embarrassment to exact the bargain. We are, therefore, of opinion that the contract of purchase be rescinded, and that the mortgage remain a lien only for the money loaned .and interest.